# In the United States Court of Federal Claims

No. 18-979C

(Filed: November 28, 2018)

**(NOT TO BE PUBLISHED)**

```
*********************************  )
JEFFREY SANDERS                    )
                                   )
                Plaintiff,         )
                                   )
    v.                             )
                                   )
UNITED STATES,                     )
                                   )
                Defendant.         )
                                   )
*********************************
```

Jeffrey Sanders, *pro se*, Oak Park, MI.

Jana Moses, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C., for defendant. With her on the briefs were Joseph H. Hunt, Assistant Attorney General, Civil Division, and Robert E. Kirschman, Jr., Director, and L. Misha Preheim, Assistant Director, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C.

## OPINION AND ORDER

LETTOW, Senior Judge.

Pending before the court is the United States' ("the government's") motion to dismiss pursuant to Rule 12(b)(1) and 12(b)(6) of the Rules of the Court of Federal Claims ("RCFC"), *see* Def.'s Mot. to Dismiss ("Def.'s Mot."), ECF No. 8, and the plaintiff's amended cross-motion for summary judgment, *see* Am. Mot. for Summ. Judgment ("Pl.'s Cross-Mot."), ECF No. 11. Because this court lacks subject-matter jurisdiction over the complaint and Mr. Sanders has failed to state a claim for which relief can be granted, the government's motion to dismiss Mr. Sanders' complaint is GRANTED. Mr. Sanders' cross-motion for summary judgment is accordingly DENIED.

## BACKGROUND

The basis for Mr. Sanders' complaint is not readily apparent. The complaint states that Mr. Sanders' "position is simple [and] well[-]grounded in fact and law," Compl. at 2, but Mr. Sanders does not provide any factual underpinnings for his claim, *see* Compl. The submissions

by Mr. Sanders appear to use a cryptic messaging system, making it difficult to decipher. Many differently formatted words seem to have no apparent relation to one another besides a common root letter. *See, e.g.*, Compl. at 3 ("enunciated essential establishments ev(ident)oking, e(xactly)ecutive, explicit extr(acts)ments") (formatting removed).[1] Mr. Sanders requests relief in the form of "a writ of mandamus," along with a "cumulative 'Declaratory Judgment Award and Reward of $23,880,000.00(Dollars).'" *Id.* at 3 (formatting removed).

Despite these obstacles in understanding the gist of the present case, the genesis of the litigation ostensibly stems from previous litigation involving Mr. Sanders. *See* Compl. Exs. 1-5. In 2006, Mr. Sanders was married to his then-wife, Tiyani Kuanda-Sanders. The two resided in an apartment in Michigan, along with their shared child. Compl. Ex. 1. On a morning in 2006, Mr. Sanders got into an argument with Tiyani, eventually striking her in the face with a closed fist and threatening her life while holding a knife. Compl. Ex. 1, at 1 (Detroit Police Department report); Compl. Ex. 2, at 1 (Detroit police investigator's report).[2] A visibly injured Tiyani managed to escape with her young daughter and called the Detroit police, who met her outside the residence. *See* Compl. Ex. 1, at 1; *see also Sanders v. Detroit Police Dep't*, 490 Fed. Appx. 771, 772 (6th Cir. 2012). After speaking with Tiyani outside the couple's residence, the Detroit police officers knocked on the door of the shared apartment. *See Sanders v. Detroit Police Dep't*, No. 07-14206, 2017 WL 548949, at *1 (E.D. Mich. Feb. 10, 2017) (findings of fact and conclusions of law). Mr. Sanders answered, and when questioned by the police regarding the alleged domestic violence incident, said he wanted to get dressed, and took a step backwards. *Id.* The two Detroit police officers then entered the home with his wife's permission and arrested Mr. Sanders on suspicion of domestic violence. *Id.* Following this arrest, a jury convicted Mr. Sanders of domestic violence and the court sentenced him to time served and one-year of probation. *Sanders*, 490 Fed. Appx. at 772; *see also* Compl. Ex. 5, at 1 (order of conviction and sentence). The state court also issued a protective order that prevented Mr. Sanders from returning to the shared residence, from stalking or assaulting Tiyani, and imposed other restrictions (such as not possessing a firearm). *See* Compl. Ex. 3, at 1 (protective order).

Unhappy with this development, Mr. Sanders sued the Detroit Police Department, the two officers involved in his arrest, two state judges, and the City of Detroit under 42 U.S.C. §

---

[1] Mr. Sanders uses parentheses to denote multiple words from the same root. For example he refers to "criti(cism)que," "[c]orre(latives)sponding," "coll(aborator)usive," and "con(niving)sumptive." Compl. at 2 (formatting removed). In addition, Mr. Sanders lists numerous words in alphabetical order that have no direct relation to the present case. *See, e.g.*, Pl.'s Cross-Mot. ("Emphatic, encompassing – enduring – entity – entreaty." (capitalization removed)).

The appendix to his complain, however, is neatly organized and coherent.

[2] Mr. Sanders' words as reported by his wife were "I'll kill you bitch." Compl. Ex. 1, at 1 (Detroit Police Department report).

2

1983.[3] In a series of lawsuits, Mr. Sanders claimed the arresting officers and the Detroit Police Department violated his Fourth Amendment rights, as he was arrested "without a warrant, and not afforded a preliminary examination until [12 days later]." *Sanders v. Detroit Police Dep't*, No. 07-14206, 2008 WL 11383387, at *2 (E.D. Mich. Aug. 15, 2008). The litigation then bounced back and forth between the District Court for the Eastern District of Michigan and the Court of Appeals for the Sixth Circuit during the next eleven years. *See, e.g., Sanders v. Griefin*, No. 07-cv-14206-DT, 2007 WL 4181657 (E.D. Mich. Nov. 27, 2007); *Sanders v. Detroit Police Dep't*, 653 F. Supp. 2d 715 (E.D. Mich. 2009); *Sanders*, 490 Fed. Appx. 771 (6th Cir. 2012); *Sanders v. Detroit Police Dep't*, No. 07-14206, 2014 WL 12756778 (E.D. Mich. Sept. 9, 2014); *Sanders v. Detroit Police Dep't*, No. 07-14206, 2016 WL 74851 (E.D. Mich. Jan. 7, 2016); *Sanders*, 2017 WL 548949; *Sanders v. Detroit Police Dep't*, Nos. 17-1116/1202, 2017 WL 7833754 (6th Cir. Nov. 22, 2017); *Sanders v. Detroit Police Dep't*, No. 07-14206, 2018 WL 3997866 (E.D. Mich. Aug. 21, 2018). During this decade-plus of litigation, Mr. Sanders often filed "a number of premature and baseless motions and notices," including "multiple 'emergency motions' and 'emergency notices.'" *Sanders*, 2017 WL 7833754, at *1.[4] All of these motions "were [] denied." *Id.*

The District Court for the Eastern District of Michigan eventually found that Mr. Sanders' Fourth Amendment rights were not violated, as "Tiyani Sanders consented to law enforcement's entry into her apartment," and Mr. Sanders "did not object to the officers' request to enter his apartment." *Sanders*, 2017 WL 548949, at *3.[5] This, along with the "domestic violence and emergency nature of the situation," made the search appropriate and consistent with constitutional requirements. *Id.* at *3-4. This decision was affirmed by the Sixth Circuit. *Sanders*, 2017 WL 7833754, at *1-2. In 2018, Mr. Sanders made another unsuccessful attempt in the District Court for the Eastern District of Michigan, *see Sanders*, 2018 WL 3997866, at *1, before seeking relief in this court, *see generally* Compl.

## STANDARDS FOR DECISION

*Rule 12(b)(1) – Lack of Subject-Matter Jurisdiction*

The Tucker Act provides this court with jurisdiction over "any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for

---

[3] 42 U.S.C. § 1983 authorizes civil suits against state officials who deprive a person of "rights, privileges, or immunities secured by the Constitution and laws."

[4] Several of the "unilateral 'notices' [were reportedly] to settle judgment in [Mr. Sanders'] favor for millions of dollars." *Sanders*, 2012 WL 13029531, at *1. Each of the notices were found to be filed "without legal basis." *Id.*

[5] The court also noted that Mr. Sanders "did not give consent for the officers to enter his home." *Sanders*, 2017 WL 548949, at *4.

3

liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). To invoke this court's Tucker Act jurisdiction, "a plaintiff must identify a separate source of substantive law that creates the right to money damages." *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (*en banc* in relevant part) (citing *United States v. Mitchell*, 463 U.S. 206, 216 (1983); *United States v. Testan*, 424 U.S. 392, 398 (1976)). If a plaintiff fails to raise a claim under a money-mandating provision, this court "should [dismiss] for lack of subject matter jurisdiction." *Jan's Helicopter Serv., Inc. v. Federal Aviation Admin.*, 525 F.3d 1299, 1308 (Fed. Cir. 2008) (quoting *Greenlee Cty. v. United States*, 487 F.3d 871, 876 (Fed. Cir. 2007)).

A claim in this court is "barred unless the petition thereon is filed within six years after such claim first accrues." 28 U.S.C. § 2501. This six-year statute of limitations is jurisdictional. *John R. Sand & Gravel Co. v. United States*, 552 U.S. 130, 134 (2008).

Mr. Sanders, as plaintiff, must establish jurisdiction by a preponderance of the evidence. *Trusted Integration, Inc. v. United States*, 659 F.3d 1159, 1163 (Fed. Cir. 2011) (citing *Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed. Cir. 1988)). When ruling on a motion to dismiss for lack of jurisdiction, the court must "accept as true all undisputed facts asserted in the plaintiff's complaint and draw all reasonable inferences in favor of the plaintiff." *Id.* (citing *Henke v. United States*, 60 F.3d 795, 797 (Fed. Cir. 1995)). "If a court lacks jurisdiction to decide the merits of a case, dismissal is required as a matter of law." *Gray v. United States*, 69 Fed. Cl. 95, 98 (2005) (citing *Ex parte McCardle*, 74 U.S. (7 Wall.) 506, 514 (1868); *Thoen v. United States*, 765 F.2d 1110, 1116 (Fed. Cir. 1985)); *see also* RCFC 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

*Rule 12(b)(6) – Failure to State a Claim for which Relief can be Granted*

Under Rule 12(b)(6), a complaint that "fail[s] to state a claim upon which relief can be granted" shall be dismissed. To survive a motion invoking Rule 12(b)(6), a plaintiff's complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The court is bound "to take the well-pleaded factual allegations in the complaint as true." *Papasan v. Allain*, 478 U.S. 265, 283 (1986); *see also Cambridge v. United States*, 558 F.3d 1331, 1335 (Fed. Cir. 2009). "However, regardless of whether the plaintiff is proceeding *pro se* or is represented by counsel, 'conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss.'" *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1356 (Fed. Cir. 2007) (quoting *Taylor v. Books A. Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002)); *see also, e.g., Williams v. United States*, 100 Fed. Cl. 263, 275 (2011).

## ANALYSIS

The government contends that Mr. Sanders' complaint should be dismissed pursuant to Rules 12(b)(1) and (6) "for lack of jurisdiction and for failure to state a claim for which relief

may be granted." Def.'s Mot. at 1. According to the government's motion, "Mr. Sanders'[] complaint is illegible in place and otherwise difficult to understand," *id.*, but that, "[e]ven when liberally construed, Mr. Sanders has failed to articulate a cognizable claim that would demonstrate that he is seeking relief based upon an express or implied-in-fact contract with the United States, or a money-mandating provision of law, as required by the Tucker Act." *Id.* (citation omitted).

### Rule 12(b)(1) – Lack of Subject-Matter Jurisdiction

As a preliminary matter, in his complaint, Mr. Sanders fails to provide "a short and plain statement of the grounds for the court's jurisdiction," RCFC 8(a), based on the Tucker Act or otherwise, *see Ruther v. United States*, No. 18-1110C, 2018 WL 5095451, at *3 (Fed. Cl. Oct. 17, 2018). Although Mr. Sanders cites a litany of federal statutes[6] and a two judicial decisions,[7] none of them are relevant besides 28 U.S.C. § 1491(a) (the Tucker Act). Even respecting the Tucker Act, Mr. Sanders does not state any rationale or facts on *how* it would apply and confer jurisdiction. *See* Compl. at 1. Listing federal statutes is not enough to confer jurisdiction on this court.

Additionally, this court may only hear claims against the United States. Although the caption on Mr. Sanders' complaint shows the United States as the defendant, Mr. Sanders does not seek relief against the United States. *See* Compl. at 1-2. In prior litigation, Mr. Sanders sued the Detroit Police Department, two of its officers, and two state court judges. In reality, Mr. Sanders apparently is renewing his claims against these non-federal officials and agencies. But the court has no jurisdiction over any allegations against these parties and consequently cannot

---

[6]Mr. Sanders cites 18 U.S.C. §§ 2-241 along with 28 U.S.C. §§ 1-47, §§ 144-354(b)(2)(B), § 451, §§ 452-535(a)-(b)(1), § 547(1, 5), § 1331, § 1334(b), § 1343(a)(3)-(4), § 1491(a), § 1494, § 1631, § 1651, § 1915(a)(1)/(c)-(d), § 2101(b), §§ 2105-2111, § 2201(a), § 2401, § 2501, §§ 2503-2507, § 2510, § 2511, § 2515(a), § 2516; 42 U.S.C. § 1983. Compl. at 1. Excluding 28 U.S.C. § 1491(a), the court is unable to determine how the remainder of the provisions cited apply to the present case. In a generous reading, the citation to 28 U.S.C. § 1494 could be viewed as a request for a transfer of venue. *See* 28 U.S.C. § 1494. But this would still not confer jurisdiction. And, as Mr. Sanders has already litigated extensively in a district court, transfer would be inappropriate. *See e.g., Sanders*, 2007 WL 4181657. The remainder of the provisions cite to laws such as the transmission of claims to the United States Court of Federal Claims by the Comptroller General (28 U.S.C. § 2510), interest on claims and judgments paid by the United States (28 U.S.C. § 2516), and the salaries of United States Supreme Court justices (28 U.S.C. § 5).

[7]Mr. Sanders cites *Payton v. New York*, 445 U.S. 573, 575 n.1, 576 (1980) and *Georgia v. Randolph*, 547 U.S. 103, 109-123 (2006). Compl. at 1. Both of these cases involve warrantless searches and are inapposite to the question of this court's jurisdiction. *See Payton*, 445 U.S. at 576; *Randolph*, 547 U.S. at 122-23. Mr. Sanders also cites two prior decisions by the District Court of the Eastern District of Michigan. Compl. at 1.

hear claims against them. *See, e.g.*, 28 U.S.C. § 1491(a); *New Am. Shipbuilders, Inc. v. United States*, 871 F.2d 1077, 1079 (Fed. Cir. 1989) (the Court of Federal Claims lacks jurisdiction over tort claims); *Brown v. United States*, 88 Fed. Cl. 322, 328 (2009) (this court lacks jurisdiction over criminal matters) (citing *Joshua v. United States*, 17 F.3d 378, 379 (Fed. Cir. 1994)); *McCullough v. United States*, 76 Fed. Cl. 2, 4 (2006)).

When viewing other parts of Mr. Sanders' complaint in light of his prior litigation, it is possible that Mr. Sanders is claiming a violation of his due process rights under the Fourteenth Amendment or the Fifth Amendment. Compl. at 2. This court, however, only has jurisdiction over constitutional violations when the Constitution requires payment of monetary compensation. *See* 28 U.S.C. § 1491(a); *see also Mitchell*, 463 U.S. at 216 ("Not every claim invoking the Constitution . . . is cognizable under the Tucker Act. The claim must be one for money damages against the United States."); *Jan's Helicopter Serv.*, 525 F.3d at 1308 (quoting Greenlee Cty, 487 F.3d at 876). The Fourteenth Amendment only applies to states, and is therefore inapposite in this court. *See* U.S. Const. amend. XIV. And although the Due Process Clause of the Fifth Amendment does apply to the federal government, it is not money-mandating and does not implicate this court's jurisdiction. *See Crocker v. United States*, 125 F.3d 1475, 1476 (Fed. Cir. 1997). Therefore, the court determines Mr. Sanders fails to carry his burden in establishing this court's jurisdiction over his claim by a preponderance of the evidence.

Moreover, even assuming that Mr. Sanders' complaint alleged adequate grounds for jurisdiction, his claim would be time-barred. Any claim brought before this court must have occurred within the past six years. *See* 28 U.S.C. § 2501. As Mr. Sanders' claim arose in 2006 – nearly 12 years ago – any action would need to have been filed before 2013, at the very latest. *See Sanders*, 2017 WL 548949, at *1. Since the six-year requirement of 28 U.S.C. § 2501 is jurisdictional in nature, the untimeliness alone bars the court from hearing Mr. Sanders' claim. *See John R. Sand & Gravel Co.*, 552 U.S. at 134.

### Rule 12(b)(6) – Failure to State a Claim for which Relief can be Granted

A jury convicted Mr. Sanders of domestic violence stemming from an incident over a decade ago. Since then, Mr. Sanders has re-litigated that same event numerous times in the federal courts, often filing frivolous motions and tying up judicial resources in the process. The complaint filed with this court is the most recent iteration of this futile struggle. But Mr. Sanders has had his day in court, multiple times over. And even if he had not, this court is not the proper venue for Mr. Sanders to continue to seek relief after being denied redress in the District Court for the Eastern District of Michigan and the Sixth Circuit. In the interest of the efficient use of judicial resources and to minimize the cost and delay of litigation, *see* RCFC Appendix A, dismissal of Mr. Sanders' complaint is warranted.

## CONCLUSION

For the reasons stated, the government's motion to dismiss Mr. Sanders' complaint is GRANTED. Mr. Sanders' complaint shall be DISMISSED. Mr. Sanders' motion for summary judgment is DENIED. The clerk shall enter judgment accordingly.

No costs.

It is so **ORDERED**.

*[signature]*

Charles F. Lettow
Senior Judge